**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

JAMES T. MURZIKE,

Plaintiff,

v. Case No. 3:26-cv-2005-WWB-PDB

PADGETT, et al.,

Defendants.

---

**ORDER**

Plaintiff James T. Murzike, an inmate of the Florida penal system who is proceeding pro se, initiated this action by filing a Complaint (Doc. 1) pursuant to 42 U.S.C. § 1983.[1] After careful review, the Court concludes that this action must be dismissed without prejudice because (1) Plaintiff is a three-strikes litigant who failed to pay the filing fee upon initiating suit, and (2) Plaintiff misrepresented his litigation history.

The Prison Litigation Reform Act ("**PLRA**") amended 28 U.S.C. § 1915 by adding the following subsection:

> (g) In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

---

[1] Plaintiff did not include the filing fee with his Complaint; thus, the Court assumes he desires to proceed *in forma pauperis*.

28 U.S.C. § 1915(g). Section 1915(g), commonly referred to as the "three strikes" provision, requires this Court to consider prisoner actions dismissed before, as well as after, the enactment of the PLRA.

The Court takes judicial notice of filings previously brought by Plaintiff that were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted: (1) *Murzike v. Spear*, No. 3:22-cv-1467-TKW-HTC (N.D. Fla.) (dismissed as malicious and an abuse of judicial process); (2) *Murzike v. Hughes*, No. 3:24-cv-222-TKW-ZCB (N.D. Fla.) (dismissed as malicious and an abuse of the judicial process); and (3) *Murzike v. Ellis*, No. 3:24-cv-197-LC-ZCB (N.D. Fla.) (dismissed as malicious). Therefore, Plaintiff is a three-strikes litigant pursuant to § 1915(g). *See* Order (Doc. 6), *Murzike v. Carr*, No. 3:24-cv-347-MCR-ZCB (N.D. Fla.).

Further, Plaintiff's allegations fail to satisfy the imminent-danger exception to § 1915(g). To meet this exception, a prisoner must establish that he is in imminent danger of serious physical injury "at the time that he seeks to file his suit in district court." *Medberry v. Butler*, 185 F.3d 1189, 1192–93 (11th Cir. 1999) (internal quotation marks omitted). "[G]eneral assertions . . . are insufficient to invoke the exception to § 1915(g) absent specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Daker v. Ward*, 999 F.3d 1300, 1311 (11th Cir. 2021). In other words, the prisoner must set forth "specific, credible allegations of imminent danger of serious physical harm." *Chestnut v. Leavins*, No. 3:21-cv-827, 2021 WL 3134392, at *6 (N.D. Fla. July 2, 2021) (internal quotation marks omitted).

Plaintiff alleges that in June 2026, prison officials conspired with inmate gang members to "batter[]" and "sexually harass[] him," poison his food with deodorant and other "substance[s]," starve him, "cover[] up the[ir] use of force," and falsely accuse him of violating prison rules. (Doc. 1 at 9–17). Plaintiff also claims that "all medical staff" have used "CIA devices" to deny him proper treatment for his "serious medical needs." (*Id.* at 17). As another court explained when faced with similar assertions by Plaintiff, these "conclusory, generalized, and fantastical allegations are insufficient" to satisfy the imminent-danger exception. *Murzike v. Washington*, No. 4:25-cv-207, 2025 WL 2100955, at *2 (N.D. Fla. May 2, 2025), *adopted by* 2025 WL 2098098 (N.D. Fla. July 24, 2025). Indeed, Plaintiff has a history of filing complaints with multiple unrelated claims, some of which have been described as "fantastical and delusional." *Murzike v. Knox*, No. 3:23-cv-1125, 2024 WL 4443744, at *1 (M.D. Fla. Oct. 8, 2024); *see also, e.g.*, *Murzike*, 2025 WL 2100955, at *1 (noting that Plaintiff's allegations of imminent danger were "sweeping, fantastical generalizations"). A district court is "entitled to draw upon its familiarity with [a plaintiff]'s prior meritless litigation . . . to conclude that his complaint consisted only of claims describing fantastic or delusional scenarios." *Littlejohn v. Dalton*, No. 1:21-cv-4885, 2022 WL 20663595, at *2 (N.D. Ga. Feb. 23, 2022) (internal quotation marks omitted).

Because Plaintiff fails to make "specific, credible allegations of imminent danger of serious physical harm," he is not entitled to the imminent-danger exception to § 1915(g). *Chestnut*, 2021 WL 3134392, at *6. Therefore, this action will be dismissed without prejudice. *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) ("[T]he proper procedure is for the district court to dismiss the complaint without prejudice when it denies

the prisoner leave to proceed *in forma pauperis* pursuant to the three strikes provision of § 1915(g).").

Even if the three-strikes rule did not apply here, this action would still be subject to dismissal because Plaintiff misrepresented his litigation history. Failure to truthfully disclose litigation history warrants dismissal under the PLRA because such conduct "constitutes an abuse of the judicial process." *Sears v. Haas*, 509 F. App'x 935, 936 (11th Cir. 2013) (citing *Attwood v. Singletary*, 105 F.3d 610, 613 (11th Cir. 1997)). Dismissal is proper even if a prisoner's failure to disclose his litigation history was caused by a misunderstanding. *See Jenkins v. Hutcheson*, 708 F. App'x 647, 647–49 (11th Cir. 2018) (affirming dismissal of prisoner's complaint without prejudice based on his "failure to fully disclose all of his prior lawsuits on the complaint form," even though there was no indication that he omitted the cases intentionally). Additionally, Federal Rule of Civil Procedure 11 permits a district court to impose sanctions on a party who knowingly files a pleading containing a false contention. *See* Fed. R. Civ. P. 11(b). Pro se litigants should be held to "less stringent standards" than those represented by counsel, but "a plaintiff's pro se status will not excuse mistakes regarding procedural rules." *Redmon v. Lake Cnty. Sheriff's Off.*, 414 F. App'x 221, 226 (11th Cir. 2011) (citing *McNeil v. United States*, 508 U.S. 106, 113 (1993)).

Although Plaintiff signed the complaint form and certified his compliance with Rule 11, he failed to accurately disclose his litigation history. (Doc. 1 at 29). As Plaintiff is well aware, the complaint form requires prisoners to identify all prior lawsuits relating to the conditions of their imprisonment. Plaintiff listed some of his earlier cases, but he did not include any filed in 2025 or 2026. (*Id.* at 24–28). In fact, Plaintiff initiated several

conditions-of-confinement cases in 2025 and 2026. *See, e.g.*, *Murzike v. Hewett*, No. 4:25-cv-191-MCR-MAF (N.D. Fla.); *Murzike v. Blanton*, No. 4:25-cv-199-TKW-MJF (N.D. Fla.); *Murzike v. McGraw*, No. 3:25-cv-991-WWB-SJH (M.D. Fla.); *Murzike v. Johnson*, No. 3:26-cv-1868-WWB-PDB (M.D. Fla.); *Murzike v. Moats*, No. 3:26-cv-2004-JEP-PDB (M.D. Fla.). Plaintiff's failure to disclose these cases constitutes an abuse of the judicial process warranting dismissal without prejudice. *See McNair v. Johnson*, 143 F.4th 1301, 1306 (11th Cir. 2025) (district court "had inherent authority to dismiss [plaintiff's] complaint without prejudice as a sanction for his failure to disclose his full litigation history as required by the standard inmate complaint form"). Notably, several of Plaintiff's earlier actions have been "dismissed as malicious for failure to disclose his litigation history truthfully." *Murzike v. Currier*, No. 3:24-cv-338-MCR-HTC, 2024 WL 4584608, at *2 (N.D. Fla. July 29, 2024), *adopted by* 2024 WL 4583205 (N.D. Fla. Oct. 25, 2024); *see also* *Murzike*, 2025 WL 2100959, at *2 ("[D]ismissal is warranted because Plaintiff affirmatively misrepresented his litigation history—again."); *Murzike v. Carr*, No. 3:24-cv-211-LC-HTC, 2024 WL 3195829, at *1 (N.D. Fla. June 7, 2024) (complaint subject to dismissal "because Plaintiff failed to truthfully disclose his litigation history"), *adopted by* 2024 WL 3190943 (N.D. Fla. June 26, 2024).

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. This case is **DISMISSED without prejudice**.
2. The Clerk shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close this case.

**DONE AND ORDERED** in Jacksonville, Florida, on August 20, 2026.

WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

TpaP-2

c:
James T. Murzike